United States District Court
Southern District of Texas
**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NOE ALEXANDER GOMEZ MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01541 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM & ORDER**

Before the Court is Petitioner Noe Alexander Gomez Mendez's Amended Petition for Writ of Habeas Corpus (ECF No. 5) and Respondents' Motion to Dismiss (ECF No. 13). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I.       BACKGROUND

Petitioner is a citizen of Honduras who arrived in the United States on about March 2, 2021. ECF No. 13 at 2. Respondents subsequently released Petitioner subject to certain requirements, including regular reporting requirements and an order to appear in Immigration Court. *Id.*; ECF No. 13-1 at 2, Exh. 1; ECF No. 5 at 3. Respondents make no allegation that Petitioner violated the terms of his release, and Respondents do not dispute that Petitioner has lived in the United States for four years with no criminal record. *Id.* Nonetheless, Respondents re-detained Petitioner on January 21, 2025, at a routine ICE check-in. ECF No. 13 at 2; ECF No. 5 at 3.

1 / 7

ICE served the Petitioner with the NTA charging him with removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner's removal proceedings are ongoing. Petitioner has been in continuous detention since January 21, 2025. He has now been detained for 513 days, or almost 17 months.

On January 27, 2026, Petitioner filed a previous Petition for Writ of Habeas Corpus in a related case before this Court (*Gomez Mendez v. Tate et al.*, 26-cv-00633). On February 3, 2026, this Court found that Petitioner was properly subject to discretionary detention under 8 U.S.C. § 1226(a), rather than mandatory detention under 8 U.S.C. § 1225(b)(2), and ordered Respondents to provide Petitioner a § 1226(a) bond hearing. *Gomez Mendez*, 26-cv-00633, ECF No. 6. The Fifth Circuit has since issued a decision that overrules this Court's previous finding; Petitioner is properly subject to § 1225(b)(2). On February 6, 2026, the Immigration Judge denied bond, finding that Petitioner was a flight risk. *Gomez Mendez*, 26-cv-00633, ECF No. 6-1, Exh. 1.

On February 25, 2026, Petitioner filed the instant habeas petition. On June 16, 2026, the case was transferred to this Court.

## II.    ANALYSIS

### A.  Petitioner's Subsequent Habeas Petition Is Not Barred

Respondents argue that the instant habeas petition should be dismissed as an abuse of the writ, because Petitioner both re-asserts due process arguments that were brought in the previous habeas petition and brings new equal protection claims that could have been asserted in the earlier petition. This Court finds that Petitioner's second petition is not barred as an abuse of the writ for two reasons. First, Petitioner's due process claims were not reached or resolved in the prior case. Second, circumstances have materially changed due to the now very prolonged nature of

Petitioner's detention. Petitioner's new equal protection claims may be barred, but the Court declines to reach that issue and instead resolves only Petitioner's due process claims.

"Subsequent § 2241 applications are barred if the same legal issue is addressed and resolved in a prior application" or if the new petition "rais[es] a claim . . . that [the petitioner] could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (internal quotation marks omitted). Respondents are incorrect that Petitioner's due process claims are barred by this rule. This Court's ruling on Petitioner's previous habeas petition was confined solely to the statutory issue, which has now been foreclosed by the Fifth Circuit. This Court did not reach Petitioner's due process claims; therefore, those claims are still live.

Additionally, Petitioner filed his first habeas petition when he had been detained for approximately one year. Now, Petitioner has been detained for an additional almost five months. This is a constitutionally significant period of detention, and Petitioner's total length of detention now nears seventeen months. Therefore, Petitioner's due process claim—already not barred since this Court did not previously reach the issue—is materially different from the one presented in Petitioner's January petition.

### A. Petitioner's Continued Detention Violates Due Process

The Court concludes Petitioner's ongoing prolonged detention violates his rights under the Due Process Clause. The Supreme Court held in *Demore v. Kim* that, under the factual circumstances before the Court in that case, "the Government [could] constitutionally detain deportable aliens [under § 1226(c)] during the limited period necessary for their removal proceedings." 538 U.S. 510, 526 (2003). The *Demore* Court held that detention must "bear[] a

reasonable relation to the purpose for which the individual was committed" in order to comport with due process. *Id*. at 527-28. In reaching this conclusion, the Court relied on the "brief" average length of detention under § 1226(c) in 2003. *Id*. at 523. Specifically, the Court cited statistics showing that "in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days," or four months longer in those cases "in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals." *Id*. at 529.

The *Demore* Court reaffirmed that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a statute that permitted indefinite detention would be constitutionally suspect. The Court distinguished from *Zadvydas*, writing that, "[w]hile the period of detention in *Zadvydas* was 'indefinite' and 'potentially permanent," the detention at issue in *Demore* "[wa]s of a much shorter duration." *Demore*, 538 U.S. at 528. Under *Zadvydas*, detention in the post-removal order context is only presumptively permissible under due process for six months. *Zadvydas*, 533 U.S. at 701. While *Zadvydas* is not binding in this context—before a removal order exists—it is instructive that the Supreme Court finds six months of detention that could continue indefinitely to be constitutionally impermissible.

Additionally, this Court is persuaded by the First and Second Circuits' reasoning in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) and *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020), in which the courts held that prolonged detention under § 1226(a) violates the due process clause under *Mathews v. Eldridge*, 424 U.S. 319 (1976). These cases dealt with somewhat different circumstances, since Petitioner is, to this Court's understanding, detained under § 1225(b)(2). However, those Courts' reasoning remains instructive. Petitioner has been detained for over sixteen months, longer than the detention at issue in *Hernandez-Lara* and *Velasco*

*Lopez* (ten months and fifteen months, respectively). Additionally, there is no indication that Petitioner's detention will end any time soon.

In *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026), this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore*, 538 U.S. at 527). The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

For all these reasons, this Court finds that Petitioner's lengthy detention constitutes a serious deprivation of liberty in violation of Petitioner's due process rights.

## I.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than sixteen months, or 513 days. Given the severity of this ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. Because Petitioner seeks immediate release, and given the severity of the liberty deprivation, the Court finds that the petition is not mooted by the previous order for a bond hearing in Petitioner's earlier-filed case. The Court joins other Courts in the Fifth Circuit and elsewhere

which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **48 hours** under the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of her release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the

6 / 7

community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before June 22, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on June 18, 2026.

 

_____
Keith P. Ellison
United States District Judge